IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

WILMA ROBINSON,

        Plaintiff,

v.                                  CIVIL ACTION NO. 3:06-0940

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her application for supplemental security income based on disability. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed her application on December 11, 2002, alleging disability as a consequence of "heart, sugar, back, feet, arthritis, high blood pressure, cholesterol, depression, stomach (acid reflux) and asthma." On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-eight years of age and had obtained an 8th grade education. She has no past relevant employment experience. In his decision,

the administrative law judge determined that plaintiff suffers from mild cervical and lumbar degenerative disc disease, right median neuropathy, a dysthymic disorder, borderline intellectual functioning with low average intelligence and an anxiety disorder not otherwise specified, impairments which he considered severe.[1] Concluding that plaintiff had the residual functional capacity for a limited range of light level work, and relying on Rule 202.17 of the Medical Vocational Guidelines[2] and the testimony of a vocational expert, the administrative law judge found plaintiff not disabled.

The record reflects plaintiff has received treatment for non-insulin dependent diabetes, gastroesophogeal reflux disease, asthma, coronary artery disease which required angioplasty and stenting in October 2002 and again in April 2003, low back pain with MRI evidence of generalized disc disease and mild disc bulging at T12-L1 and L2-3 without significant disc herniation or spinal stenosis, and foot pain, diagnosed as plantar fasciitis and degenerative joint disease, treated with physical therapy. The administrative law judge found plaintiff had the residual functional capacity for light level work but could stand or sit for "about" four hours and walk for four hours. He found her capable of understanding, remembering and carrying out simple instructions consistent with her educational limitations.

The Court finds the administrative law judge's findings confusing and incomplete, precluding meaningful judicial review and necessitating remand for further proceedings. Plaintiff objects to the administrative law judge's findings concerning her credibility, and the Court finds her objections

---

[1]This list is a combination of severe impairments found by a prior administrative law judge and "additional or further defined" severe impairments found by the current administrative law judge. It is not entirely clear from the decision what the severe impairments actually were.

[2]20 C.F.R. Pt. 404, Subpart P, App. 2, Table No. 2

well-founded. The Regulations at 20 C.F.R. § 416.929 provide that the claimant's statements as to the effect of pain or other symptoms cannot, by themselves, establish disability. There must be medical signs and laboratory findings showing a "medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged" and when considered with all of the other evidence would lead to a conclusion that the claimant is disabled.[3]

The administrative law judge related plaintiff's testimony and allegations regarding back, hip, foot, chest and headache pain, fatigue and depression but made no determination as to whether the evidence established medical impairments which could reasonably be expected to produce these symptoms. His sole finding relative to credibility was that he did not find fully credible plaintiff's statements regarding the extent of her symptoms and functional limitations "in that they are not supported by objective clinical evidence."[4] Thus, the Court finds the administrative law judge's credibility findings incomplete and inconsistent with the relevant regulations and case law.

As noted, the administrative law judge found plaintiff's ability to perform light level work reduced only by limitations on sitting, standing, walking and understanding, remembering and carrying out more than simple instructions. The Court observes, however, that the administrative law judge does not set out the basis for this finding other than "the entire evidence of record," which is

---

[3]20 C.F.R. § 416.929(a); Craig v. Chater, 76 F.3d 585, 593-96 (4th Cir. 1996).

[4]Objective medical evidence is required for establishing the impairments which could cause the pain or other symptoms and is a factor in considering the intensity and persistence of the pain; however, as the court in Craig points out, "because pain is subjective and cannot always be confirmed by objective indicia," allegations of a disabling degree of pain "may not be rejected 'solely because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of her pain." Craig v. Chater at 595, quoting 20 C.F.R. §§ 416.929(c)(2) and 404.1529(c)(2) (emphasis in original).

3

not very helpful in making a determination of whether substantial evidence supports the finding.[5] Also, it is observed that assessments of residual functional capacity completed by the state agency medical advisors are in conflict with the administrative law judge's findings,[6] and he provides no indication how he resolved the conflict other than stating he considered these opinions and gave them "significant, but not controlling weight."[7]

Though recognizing that resolution of conflicts in the evidence is a function of the Commissioner, not the courts, Thomas v. Celebreeze, 331 F.2d 541 (4th Cir. 1964), nevertheless, before this Court can conduct a reasoned review of his decision, the Commissioner must "explicitly indicate 'the weight given to all relevant evidence,'" articulating "the reasons underlying his actions ... ." Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987).

---

[5]Another factor which makes this determination difficult is confusion regarding which impairments the administrative law judge found to be severe. As noted, he listed the prior administrative law judge's findings which included cervical and lumbar degenerative disc disease, right median neuropathy, dysthymic disorder, borderline intellectual functioning and anxiety disorder, NOS. The administrative law judge next noted that newly submitted evidence reflected that plaintiff had "the following additional or further defined" severe impairments of borderline intellectual functioning with low-average intelligence and mild cervical and lumber degenerative disc disease. It is not clear whether these impairments are "additional" as indicated, or instead of the prior administrative law judge's findings because the administrative law judge in this case did not find any limitations on plaintiff's residual functional capacity due to arm problems, anxiety or depression.

[6]These assessments provide that plaintiff was capable of only occasionally climbing, balancing, stooping, kneeling, crouching or crawling. The earlier assessment contains limitations relative to a need to avoid concentrated exposure to extreme cold and hazards (Exhibit B-12F dated March 17, 2003). The second contains limitations concerning a need to avoid extreme cold and heat, wetness, humidity, vibration, fumes, gases, etc. and hazards (Exhibit B-19F dated September 29, 2003).

[7]Interestingly, when setting out what these opinions show, the administrative law judge left out any mention of the postural and environmental limitations they contain.

Finally, the administrative law judge found at step four of the sequential evaluation that plaintiff had no past relevant employment experience and thus he consulted a vocational expert to determine if there were jobs plaintiff could perform consistent with her residual functional capacity. He posed a question to this witness which contained the limitations he ultimately found relative to walking, standing and sitting but did not mention the need for work involving the ability to understand, remember and carry out only simple instructions consistent with her educational limitations.[8] Not only is the hypothetical question arguably deficient,[9] the vocational expert did not cite any jobs which plaintiff could perform. After hearing the hypothetical question, this witness indicated that the limitations therein would preclude all but a limited range of light and sedentary level work. At this point the administrative law judge instructed plaintiff's counsel that he could commence questioning the vocational expert. No specific jobs, categories of work or numbers were ever given by the vocational expert.

The Regulations at 20 C.F.R. § 416.960(c)(2) provide that in order to support a finding that a claimant is not disabled at step five of the sequential evaluation, "we [the Commissioner] are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [her/his] residual functional capacity and vocational factors." Vocational expert testimony is one way in which the Commissioner satisfies his burden of showing that there is other work the claimant can do.[10] In this case, the Commissioner has

---

[8] As noted, plaintiff has only an eighth grade education.

[9] A vocational expert's opinion is of value only if given in response to "proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

[10] See 20 C.F.R. § 416.966.

clearly not met his burden, and the Court concludes that remand is necessary to address this error and the other deficiencies noted. On remand, the parties should be given the opportunity to submit additional evidence.

    On the basis of the foregoing, it is **ORDERED** that this case be remanded to the Commissioner for further proceedings consistent with this Memorandum Order.

    ENTER: August 3, 2009

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE